# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

Joyce, Robert Damian, et al.
Plaintiffs

v.

State of Texas, City of Abilene.
Defendants

Civil Action No. 1-20CV-145 H

Jury Trial Demanded

## COMPLAINT

See Attached.

\* Attach additional pages as needed.

Date: 7-3-2020
Signature: Robert Joyce
Print Name: Robert Joyce
Address: 2102 Amy Lyn Avenue
City, State, Zip: Abilene, TX 79603
Telephone: (325)721-7896

## COMPLAINT-CLASS ACTION AND JURY DEMAND

1) This is a class action alleging violations of Title II of the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. Section 12132et seq.; and 28 C.F.R. Section 35.130(b)(7).

## JURISDICTION

2) Jurisdiction is invoked pursuant to 28 U.S.C. Section 1331.

## PARTIES

3) Plaintiff: Robert Damian Joyce, 2102 Amy Lyn Avenue, Abilene, TX 79603, Taylor County, Phone # (325)721-7896.

4) Defendant One: State of Texas, service of process: Attorney General, 300 West 15th Street, Austin, TX 78701, Travis County.

5) Defendant Two: City of Abilene, service of process: Mayor, 555 Walnut Street, Abilene, TX 79601, Taylor County.

## CLASS DEFINED

6) All future and present mobility impaired releasees and parolees of the Texas Department of Criminal Justice (TDCJ).

7) All future and present mobility impaired patrons of CityLink Transit.

## DISABILITY DEFINED

8) Plaintiff Joyce is a mobility impaired person afflicted with:

a) lower limb amputation;

b) severe spine injury.

9) Plaintiff Joyce requires:

a) prosthetic leg;

b) soft-sole shoes;

c) wheelchair/walker per prosthetic error;

d) occasionally a cane.

10) Plaintiff Joyce's leg amputation causes:

a) loss of balance (especially in the wind);

b) prosthetic heat stress (during summer months);

c) extreme and chronic, physically painful friction sores on amputation stump from walking (especially long distances), that can deny ability to walk.

11) Plaintiff Joyce's prosthetic is designed with adjusting screws, when exposed to water (precipitation), causes corrosion and seizure of said screws.

12) Plaintiff Joyce's spinal injury causes:

a) loss of balance;

b) extreme and chronic, paralyzing physical pain, agitated by any movement (chronic pain sufferer), that can deny ability to walk.

13) Plaintiff Joyce is disabled to the extent that he has difficulty bathing and

performing household chores.

14) Plaintiff Joyce was medically unassigned with respect to job assignment while incarcerated in TDCJ, and is currently on parole (TDCJ #2198342).

15) Plaintiff Joyce is in need of, and waiting for a second spine surgery.

16) Plaintiff Joyce is disabled as defined by the ADA.

## TABLE OF CONTENTS

Caption............................................................................................................................i

Jurisdiction....................................................................................................................ii

Parties...........................................................................................................................ii

Class Defined...............................................................................................................ii

Disability Defined........................................................................................................ii

Class Action Allegations..............................................................................................1

    Claim One:

    TDCJ-Abilene Parole Division Unreasonable Accessibility..............................1

    Claim Two:

    CityLink ADA Paratransit and Fixed Route Reduced Fair Denial....................4

Causes of Action..........................................................................................................5

Request for Relief........................................................................................................6

Verification..................................................................................................................8

## CLASS ACTION ALLEGATIONS

## CLAIM ONE:

## TDCJ-ABILENE PAROLE DIVISION UNREASONABLE ACCESSIBILTY

17) The TDCJ-Abilene Parole Division (TDCJ-APD), is physically located at 5241 West Stamford Street, Abilene, TX 79603. Said location in actuality is on the Interstate 20 (I-20), access road.

18) Parolees on foot without transportation to the TDCJ-APD, are able to ride CityLink, the public transit system for the City of Abilene. The fixed route bus stop for the APD is at the intersection of Marigold Street and Arnold Boulevard, from which parolees are forced to walk approximately one and a half miles to the APD, without a sidewalk in rain, hail, sleet, snow, freezing wind during the winter, and dangerous heat during summer.

19) The last approx. one mile of the walk is via the I-20 access road. Said access road is two lanes starting at the overpass, becoming one lane at the off-ramp, resuming two lanes past the off-ramp, and remaining two lanes until the on-ramp and past the TDCJ-APD.

20) The space available to walk on the asphalt at the edge of the road is approx. two feet wide between the white line and the dirt ground, beginning at the overpass, alongside the I-20 off-ramp, remaining approx. two feet wide until widening to approx. three feet wide at the I-20 on-ramp, and remaining approx. three feet wide to the entrance of the TDCJ-APD parking lot. The dirt ground to the side of the I-20 access road is an uneven drainage ditch riddled with tire ruts, tall weeds, and deep mud (a marsh), after the rain.

21) The posted speed limit is fifty-five miles per hour (m.p.h.), but does not prevent cars, trucks, and eighteen wheelers (especially those exiting the freeway), from flying by while changing lanes at fifty-five to seventy m.p.h., along with eighteen wheelers approaching the off-ramp via the access road honking and changing lanes to the off-ramp before said ramp fully connects to the access road (where sign says do not cross double white line), to avoid hitting mobility impaired parolees.

22) Walking alongside the I-20 access road is dangerous to able-bodied parolees, and extremely dangerous to mobility impaired, especially those in extreme physical pain from agitation of pre-existing injuries, and dizzy from overheating, while struggling to avoid falling in front of passing motor vehicles from loss of balance, and/or trudging through the deep mud with a prosthetic leg and cane, wheelchair or walker.

23) In the past, the TDCJ-APD was located in downtown Abilene, and easily accessible by fixed route city bus. Today, the APD is strategically placed on the rural outskirts of town, miles from the nearest bus stop (no bench), along the side of a dangerous highway with no sidewalk, subject to rain, hail, sleet, snow, freezing wind, and dangerous heat, to exact continued anti-civil rights punishment against offenders outside the walls of prison, in the form of an extremely torturous and life threatening path to the APD, intended to cause the mobility impaired physical pain and possibly lighten the APD's burdensome case load, via a convenient elimination of a parolee being hit by a passing motorist in a vehicle.

24) The TDCJ could have easily chosen one of the many vacant buildings throughout town, near the fixed route city bus stops to move the APD to, but chose not to do so. As Abilene functions as the county seat, with a public transit system, mobility impaired parolees should not be subjected to such a torturous and life-threatening path to the APD.

25) CityLink could easily provide access to the TDCJ-APD, via a bus stop with a bench for the mobility impaired parolees where the parking lot connects with the I-20 access road, but instead chooses to have the Route 9 Five Points bus (one of the first buses back), sit at the station idling for twenty minutes of the hour it is allotted to make its route, rather than adding five minutes and a couple of miles to the fixed route to assure the safety of the TDCJ parolees, especially the mobility impaired.

26) Officials at the TDCJ-APD, state that how parolees get to the parole office is not their problem, failure to report on time will result in being sent back to prison.

27) As always, the TDCJ hates mobility impaired offenders with a passion, and continues to hate them as releasees and parolees, interpreting their special needs as special privileges, and CityLink conspires to fulfill TDCJ's intent to inflict the unnecessary and wanton infliction of physical pain and suffering on mobility impaired parolees.

## CLAIM TWO:

## CITYLINK ADA PARATRANSIT AND FIXED ROUTE REDUCED FARE DENIAL

28) CityLink requires mobility impaired persons to possess a Social Security Administration (SSA), Award Letter to obtain:

    a) ADA Paratransit, an origin to destination transit service for persons with disabilities who are certified under the Americans With Disabilities Act (ADA);

    b) Fixed Route Reduced Fare, reduced fare on fixed routes for said mobility impaired persons certified under the ADA.

29) Mobility impaired persons who are disabled as defined by the ADA, without SSA Award Letter, possessing only:

    a) medical documentation of physical disability; and/or

    b) medical documentation of inability to work,

are denied ADA Paratransit and Fixed Route Reduced Fare, increasing ambulation distances and causing mobility impaired persons extreme physical pain.

## **CAUSES OF ACTION**

30) Defendants:

  a) State of Texas; and

  b) City of Abilene's,

actions, as described in Claim One, para. 17-27, pp. 1-3, constitute failure to reasonably accommodate a disability, in violation of Title II of the Americans With Disabilities Act, 42 U.S.C. Section 12132et seq.; and 28 C.F.R. Section 35.130(b)(7).

31) Defendant City of Abilene's actions, as described in Claim Two, para. 28,29, p. 4, constitute discrimination on the basis of a disability, and failure to reasonably accommodate a disability, in violation of Title II of the Americans With Disabilities Act, 42 U.S.C. Section 12132et seq.; and 28 C.F.R. Section 35.130(b)(7).

## **REQUEST FOR RELIEF**

Plaintiffs request:

A) A declaratory judgement stating that Defendants:

1) State of Texas and City of Abilene's actions, as described in Claim One, para. 17-27, pp. 1-3, constitute failure to reasonably accommodate a disability, in violation of Title II of the Americans With Disabilities Act, 42 U.S.C. Section 12132et seq.; and 28 C.F.R. Section 35.130(b)(7);

2) City of Abilene's actions, as described in Claim Two, para. 28,29, p. 4, constitute discrimination on the basis of a disability, and failure to reasonably accommodate a disability, in violation of Title II of the Americans With Disabilities Act, 42 U.S.C. Section 12132et seq.; and 28 C.F.R. Section 35.130(b)(7);

B) An Injunction ordering Defendants:

1) State of Texas and City of Abilene, to:

a) provide CityLink fixed route bus service to the Texas Department of Criminal Justice-Abilene Parole Division (TDCJ-APD), parking lot;

b) install a bench for mobility impaired parolees inside an enclosure that provides shelter from rain, hail, sleet, snow, freezing wind, and direct sunlight, where CityLink drops off and picks up mobility impaired parolees reporting to the TDCJ-APD;

c) a concrete slab and sidewalk for mobility impaired parolees to ambulate either walking or via wheelchair/walker, from the TDCJ-APD parking lot to where the mobility impaired board the CityLink fixed route bus;

6

2) State of Texas to implement policy and practice that enables mobility impaired parolees/releasees, upon release from TDCJ, to receive:

    a) ADA Paratransit;

    b) Fixed Route Reduced Fare,

3) City of Abilene to implement policy and practice that enables mobility impaired persons to obtain, without a Social Security Award Letter:

    a) ADA Paratransit;

    b) Fixed Route Reduced Fare,

with only medical documentation from:

    c) Physician/Physician Assistant;

    d) TDCJ Medical Department,

describing;

    e) mobility impairment; and/or

    f) inability to work.

4) State of Texas to implement policy and practice prohibiting TDCJ from placing parole offices more than 200 yards from the nearest fixed route city bus stop, and/or inaccessible by sidewalk.

    C) Grant any other such entitled relief.

## VERIFICATION

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

July 3, 2020
Date

*Robert Joyce*
Robert Joyce
2102 Amy Lyn Avenue
Abilene, TX 79603
(325)721-7896

8