IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ROBERT DAMIAN JOYCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-CV-00145-H-BU |
| | § | |
| STATE OF TEXAS, *et al.*, | § | (Consolidated with Civil Action No. |
| | § | 1:20-CV-00148-H-BU) |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Robert Damian Joyce, proceeding *pro se*, filed two lawsuits alleging violations of the Americans with Disabilities Act ("ADA"): Civil Action No. 1:20-CV-145-H-BU, filed on July 6, 2020, and Civil Action No. 1:20-CV-148-H-BU, filed on July 9, 2020. Both cases were referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and Special Order No. 3-251.

On July 21, 2020, the undersigned consolidated the two cases into Civil Action No. 1:20-CV-145-H-BU. Dkt. No. 9. Prior to consolidation, Joyce filed in each case a motion for leave to proceed *in forma pauperis* (Dkt. Nos. 4, 13) which, following consolidation, the Court granted. Dkt. No. 17.

Also prior to consolidation, Joyce filed a Motion to Certify Class in both cases. Dkt. Nos. 5, 16. Through these two motions, Joyce asks the Court to certify three classes: (A) All future and present mobility-impaired releasees and parolees of the Texas Department of Criminal Justice ("TDCJ"); (B) All future and present mobility-impaired patrons of CityLink Transit; and, (C) All future and present mobility-impaired residents of the 180 House, Inc. *See* Dkt. No. 1 at 2; Dkt. No.

1

10 at 2. For the following reasons, the undersigned recommends that Joyce's motions to certify each class be denied.

## I.    LEGAL STANDARDS

"[T]he class action device exists primarily, if not solely, to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system. It preserves the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 410 (5th Cir. 1998). The court "must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class." *Castano v. American Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996). The decision to certify a proceeding as a class action lies within the broad discretion of the district court, exercised within the limits set by Rule 23 of the Federal Rules of Civil Procedure. *Id*.

"Rule 23(a) provides that one or more members of a class may sue on behalf of all if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class." *Shipes v. Trinity Industries*, 987 F.2d 311, 316 n.3 (5th Cir. 1993); Fed. R. Civ. P. 23(a). These requirements are more commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

Rule 23(b) provides that an action may be certified as a class action if the requirements of subsection (a) are satisfied and, in addition, if the court finds that separate lawsuits would result in inconsistent adjudications that would substantially impair the interests of parties not in the class, final injunctive relief or declaratory relief would be appropriate for the class as a whole, or

questions of law or fact predominate over any questions affecting the individual members of the class and the class action is the "superior" method for handling the controversy. Fed. R. Civ. P. 23(b). The parties seeking certification bear the burden of proving compliance with Rule 23. *Castano*, 84 F.3d at 740; *see also Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 471 (5th Cir. 1986) (holding that certification requires proof of both subsections (a) and (b) of Rule 23).

## II. DISCUSSION AND ANALYSIS

Joyce alleges in his complaint that he is a "mobility impaired person" and "is disabled as defined by the ADA," both of which the undersigned takes as true for purposes of his motions. As stated above, Joyce seeks to certify the following three classes.

A. <u>Class of all future and present mobility-impaired releasees and parolees of the TDCJ</u>

The allegations relevant to Joyce's request to certify a class of "all future and present mobility impaired releasees and parolees" of the TDCJ relate to his dissatisfaction with the location of the TDCJ's Abilene Parole Division. *See* Dkt. No. 1 at 6–8. According to Joyce, the Abilene Parole Division moved its location from downtown Abilene, where it was easily accessible to those with physical disabilities, to a location near Interstate 20 ("I-20"), where it is not. As alleged, the I-20 location is one and a half miles from the nearest CityLink public transit stop, most of which is along the I-20 access road, including a busy off-ramp. Joyce describes this stretch of I-20 access road as very dangerous even for pedestrians without physical disabilities. But it is even more so for those who are mobility impaired, Joyce alleges, particularly during bad weather.

Joyce's description of this class fails to meet the requirements of Rule 23(a). There are four threshold requirements applicable to all class actions under Rule 23(a):

    (1) the class is so numerous that joinder of all members is impracticable;
    (2) there are questions of law or fact common to the class;
    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Even assuming that there exists common questions of law or fact, and further assuming that Joyce's claims are typical of the claims of other potential class members and that he would fairly and adequately protect the class interests, Joyce fails to satisfy the numerosity requirement of Rule 23(a)(1).

"Under Rule 23(a)(1), a class action is proper where 'the class is so numerous that joinder of all members is impracticable.'" *In re TWL Corp.*, 712 F.3d 886, 894 (5th Cir. 2013). That said, there is no magic number that satisfies the numerosity requirement. *Id*. Rather, in assessing numerosity, courts should consider a number of factors, including: (1) the geographic dispersion of the class, (2) the ease with which class members can be identified, (3) the nature of the action, (4) judicial economy, and (5) the size of each plaintiff's claim. *Id*.

While Joyce attempts to define the class to include all "mobility impaired releasees and parolees" of the TDCJ, his allegations relate very specifically to only those mobility-impaired releasees or parolees from TDJC who must report to the Abilene Parole Division. Indeed, his claims relate to an even smaller theoretical class of mobility-impaired releasees and parolees who are required to report to the Abilene Parole Division *and* who do not qualify for CityLink's ADA Paratransit door-to-door transit services discussed below. While Joyce is not required to demonstrate the exact number of persons who may fit within such a class, *see Pederson v. Louisiana State Univ.*, 213 F.3d 858, 868 & n.11 (5th Cir. 2000), here he fails to provide the Court with any information regarding the potential number of class members. Nor does he attempt to show that similar problems exist at other TDCJ parole divisions elsewhere in the state.

The undersigned assumes that there are other mobility-impaired releasees and parolees of the TDCJ in addition to Joyce. And the undersigned further assumes that some number of those

mobility-impaired releasees or parolees are required to report to the Abilene Parole Division. And while there may exist some smaller number who have experienced difficulties similar to what Joyce alleges to have experienced, Joyce has failed to provide the Court with any evidence or other information from which it can analyze the above factors and make the numerosity determination. In the absence of such evidence, the Court would be required to assume or speculate that his experiences are shared by others. To do so would be improper given that class actions are an exception to the general rule that civil lawsuits are conducted by and on behalf of only individually named parties. *See Wal-Mart Stores v. Dukes*, 564 U.S. 338, 348–49 (2011).

On this basis alone, Joyce's request to certify a class of "all future and present mobility impaired releasees and parolees" of the TDCJ must fail.

B. <u>All future and present mobility-impaired patrons of CityLink Transit</u>

Joyce's allegations against CityLink appear to concern the absence of a bus stop with a bench for mobility-impaired parolees near the Abilene Parole Division's parking lot. Dkt. No. 1 at 8. Having such a bus stop would presumably spare mobility-impaired releasees and parolees the dangerous walk along the I-20 access road to the Abilene Parole Division.

Additionally, Joyce complains that CityLink requires mobility-impaired persons to possess a Social Security Administration ("SSA") award letter to qualify for ADA Paratransit (a door-to-door transit service for persons certified as disabled under the ADA) and a Fixed Route Reduced Fare for persons certified as disabled under the ADA. *Id.* at 9.

Like Joyce's putative class of "all mobility impaired releasees and parolees" of the TDCJ, his request to certify a class of all future and present mobility-impaired patrons of CityLink fails to meet the numerosity requirement of Rule 23(a). In reaching this conclusion, the undersigned notes that the only class Joyce could represent would be mobility-impaired releasees and parolees

who are required to report to the Abilene Parole Division, but who also do not qualify for CityLink's ADA Paratransit services. Assuming Joyce meets this definition, and taking his allegations at face value, it is far from clear that anyone else fits this definition, and even less clear that joinder of whatever such claimants do exist would be impracticable.

Joyce alleges that he is disabled as defined by the ADA. He also acknowledges that CityLink offers an ADA Paratransit door-to-door transit service for patrons who are disabled as defined by the ADA. Both of which the undersigned assumes as true. What is not clear is why Joyce is allegedly unable to qualify for those services, other than his allegations about the requirement for an SSA award letter. Under these circumstances, and in the absence of additional evidence from Joyce, it appears more likely that Joyce is in a class of one than in a class "so numerous that joinder of all members is impracticable." For these reasons, his request to certify a class of "all future and present mobility impaired patrons of CityLink" should be denied.

C.  <u>All future and present mobility-impaired residents of the 180 House, Inc</u>.

Joyce alleges that, "[t]he 180 House is a halfway house for substance abusers." Dkt. No. 10 at 5. Part of the requirement for residency at 180 House and the related 182 House next door is that residents perform chores and attend meetings of Alcoholics Anonymous/Narcotics Anonymous ("AA/NA"). *Id*. at 5–7. Joyce alleges that the operators of 180 House apply and enforce these chore and AA/NA meeting requirements in a manner that is abusive, punitive, and retaliatory toward those with disabilities.

Here again, Joyce fails to provide any information from which the Court can make the numerosity determination regarding his requested class. He does not set forth the number of residents at 180 House or 182 House, the number of persons with disabilities at either house, or

even that he is currently a resident of either house. Thus, even assuming the truth of his allegations, there is no basis for the Court to make the numerosity determination or to certify a class.

D. Adequacy of representation

Even if Joyce were to satisfy the numerosity, commonality, and typicality requirements of Rule 23(a)(1)–(3), he has still failed to present any evidence that shows he is able to adequately represent the class as required by Rule 23(a)(4). And although he has asked the Court to appoint counsel for him (and presumably for the classes he seeks to certify), the undersigned recently denied that request. As the undersigned explained in that order, the courts are not empowered to make compulsory appointments in civil actions. *Mallard v. U. S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301–02 (1989). "A civil rights complainant has no right to the automatic appointment of counsel," and appointment of counsel is warranted only in exceptional circumstances. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). Here, Joyce's efforts to certify improbable class actions do not constitute exceptional circumstances. Moreover, his filings with the Court indicate that he is capable of adequately investigating and presenting his own case, if not those of the class(es) he seeks to certify.

E. Rule 23(b) requirements

Finally, Joyce has also failed to demonstrate that his claims satisfy any of the three types of class actions authorized under Rule 23(b).

### III. RECOMMENDATION

For the foregoing reasons and pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Court deny Joyce's motions to certify a class action, Dkt. Nos. 5 and 16.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      IT IS SO ORDERED this 2nd day of December, 2020.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE