IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ROBERT DAMIAN JOYCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-CV-00145-H-BU |
| | § | |
| STATE OF TEXAS, *et al.*, | § | (Consolidated with Civil Action No. |
| | § | 1:20-CV-00148-H-BU) |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Robert Damian Joyce, proceeding *pro se*, filed two lawsuits alleging violations of the Americans with Disabilities Act (ADA): Civil Action No. 1:20-CV-145-H-BU, filed on July 6, 2020, and Civil Action No. 1:20-CV-148-H-BU, filed on July 9, 2020. Both cases were referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and Special Order No. 3-251.

On July 21, 2020, the undersigned consolidated the two cases into Civil Action No. 1:20-CV-145-H-BU. Dkt. No. 9. Prior to consolidation, Joyce filed in each case a motion for leave to proceed *in forma pauperis* (Dkt. Nos. 4, 13) which, following consolidation, the Court granted. Dkt. No. 17. Thus, Joyce's claims are subject to preliminary judicial screening and dismissal under 28 U.S.C. § 1915(e)(2) to determine whether those claims (1) are frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.

1

Now before the Court is a collection of motions filed by Joyce in a single document, Dkt. No. 22, and which Joyce claims relate to his Amended Class Complaint, Dkt. No. 20. Joyce brings the motions using the conjunctive-disjunctive "and/or," thus creating ambiguity as to which of the potentially inconsistent motions he wishes the Court to decide. *See* Dkt. No. 22 at 1. All told, through Dkt. No. 22, Joyce purports to bring one or more of the following motions: (1) Motion for Class Certification, (2) Second Motion for Class Certification, (3) Motion to Amend Class Certification, (4) Renewed Motion for Class Certification, (5) Motion for Reconsideration of Class Certification, "and/or" (6) Motion for Relief from Judgment or Order (Denial of Class Certification). *Id*. Joyce also brings in Dkt. No. 22 his Second Motion for Appointment of Counsel. *Id*.

## I. RELEVANT PROCEDURAL BACKGROUND

Prior to the consolidation of Joyce's two lawsuits, Joyce filed two motions, Dkt. Nos. 5, 16, one in each of the consolidated cases, in which he sought to certify three classes: (a) all future and present mobility-impaired releasees and parolees of the Texas Department of Criminal Justice ("TDCJ"); (b) all future and present mobility-impaired patrons of CityLink Transit; and (c) all future and present mobility-impaired residents of the 180 House, Inc. *See* Dkt. No. 1 at 2; Dkt. No. 10 at 2.

The undersigned recommended that the United States District Judge deny both motions for reasons explained in the Findings, Conclusions, and Recommendation ("FCR") entered on December 2, 2020.[1] Dkt. No. 19.

---

[1] In short, the undersigned found that Joyce (1) failed to satisfy the numerosity requirement for each putative class, (2) failed to present evidence showing that he was able to adequately represent any of the classes, as required by Rule

2

Joyce filed no objections to the undersigned's FCR. Rather, on January 4, 2021, while the FCR was pending before the United States District Judge, Joyce filed a 55-page First Amended Complaint-Class Action and Jury Demand (the "Amended Class Complaint"), Dkt. No. 20. Through his Amended Class Complaint, Joyce attempts to refine the classes he seeks to certify, effectively combining the first two previous classes into a single class of "all future and present parolees of the TDCJ, without valid Texas drivers-licenses, living in cities with fixed-route bus-service, required to-report-to TDCJ-District Parole Offices, more than a mile from the nearest fixed-route bus-stop." Dkt. No. 20 at 2. The second class for which Joyce seeks certification remains "all future and present disabled residents of the 180 and 182 House."

On February 2, 2021, one month after Joyce filed his Amended Class Complaint, the Honorable United States District Judge James Wesley Hendrix accepted the FCR and denied Joyce's motions for class certification. Dkt. No. 21.

## II.   DISCUSSION AND ANALYSIS

Six of Joyce's current motions pertain in one form or another to Joyce seeking a third bite at the class-certification apple. Joyce also brings a Second Motion for Appointment of Counsel, which he now argues will also aid him in satisfying Rule 23(a)(4)'s requirement for fair and adequate representation of the class. *See* Dkt. No. 22-1 at 18-19.

---

23(a)(4), and (3) failed to demonstrate that his claims satisfied any of the three types of class actions authorized under Rule 23(b).

3

Through the briefs Joyce filed in support of the current motions, he states that his uncertainty regarding how to address the deficiencies identified through the FCR led him to file the broad variety of motions in Dkt. No. 22.[2] *See* Dkt. No. 22-1 at 28-29; Dkt. No. 22-2 at 28-30. Joyce's motions collectively appear to have the twin objectives of either seeking reconsideration of the Court's Order Accepting the FCR and denying Joyce's previous motions for class certification, Dkt. No. 21, or having the Court consider anew a third motion for class certification in light of Joyce's Amended Class Complaint. *Id*. For these reasons, the Court construes Dkt. No. 22 as two motions, one seeking reconsideration of the Court's Order Accepting the FCR, Dkt. No. 21 ("Motion for Reconsideration") and a second motion seeking class certification anew based on Joyce's Amended Class Complaint ("Third Motion for Class Certification"). Construed in this manner, the undersigned now addresses the two current motions.

A.   Motion for Reconsideration

In the FCR, the Court notified Joyce that he was required to file any objections to the FCR in writing within 14 days after being served a copy. Dkt. No. 19 at 7-8. Joyce filed no objections to the FCR, however, he acknowledges that the motions contained in Dkt. No. 22 represent his attempt to correct deficiencies in the denied motions for class certification which were identified in the FCR. *See* Dkt. No. 22-1 at 28-29; Dkt. No. 22-2

---

[2] Joyce filed 45 exhibits to the motions set out in Dkt. No. 22, including three briefs—one for each of the two classes he seeks to have certified and one for his Second Motion for Appointment of Counsel. Each of the three briefs separately meets the maximum page limit for briefs imposed by Local Civil Rule 7.2 and, when combined, greatly exceed those limits. The remainder of Joyce's exhibits to Dkt. No. 22 total almost 500 pages. *See* Dkt. Nos. 22-1 through 22-45.

at 28-30. But because Joyce has failed to timely identify any error in the previous FCR, his Motion for Reconsideration of the Order accepting that FCR should be denied.

B. Third Motion for Class Certification

Joyce's claims are still subject to preliminary screening under 28 U.S.C. § 1915, and until the Court completes that screening, a motion for class certification is premature. Local Civil Rule 23.2 requires that "[w]ithin 90 days of filing a class action complaint, or at such other time as the presiding judge by order directs, an attorney for the plaintiff must move for certification." Here, Joyce filed his Third Motion for Class Certification 117 days after he filed the Amended Class Complaint to which it relates. And while the District Court could permit the filing of such a motion outside the 90 days set out in Local Rule 23.2, it should not do so under the circumstances presented here, which involve a motion for class certification filed during the preliminary screening of claims under 28 U.S.C. § 1915.

Further, principles of judicial economy favor delaying class certification decisions, which require rigorous analysis, until later in the case. "[T]he class action device exists primarily, if not solely, to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system. It preserves the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 410 (5th Cir. 1998). The court "must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class." *Castano v. American Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996). This rigorous analysis requires an "understanding of the relevant claims, defenses,

5

facts, and substantive law presented in the case." The decision to certify a proceeding as a class action lies within the broad discretion of the district court, exercised within the limits set by Rule 23 of the Federal Rules of Civil Procedure. *Id*.

The above goals of judicial economy and preserving the resources of both the courts and the parties are not served when motions for class certification are filed during the preliminary screening of claims under Sections 1915 or 1915A. To hold otherwise would compel this Court to "conduct a rigorous analysis of the Rule 23 prerequisites" even before the actual claims have been screened and before the proper parties have been identified, served, and given the opportunity to respond to the motion to certify. This is untenable.

Because Joyce's case remains unserved pending the Court's preliminary screening under 28 U.S.C. § 1915, the Court should deny his Third Motion for Class Certification without prejudice to his refiling such a motion once the Court resolves which claims and parties survive judicial screening.

C. <u>Second Motion for Appointment of Counsel</u>

Joyce again seeks the appointment of counsel. As discussed in connection with his first motion to appoint counsel, *see* Dkt. No. 18, Joyce has made several unsuccessful attempts to secure counsel on his own. *See* Dkt. No. 8 at 5-16; Dkt. No. 14 at 5-16. Because Joyce intertwines this issue with his class certification motions, the undersigned submits the following findings, conclusions, and recommendation on this motion.

As the Court previously explained to Joyce, "[a] civil rights complainant has no right to the automatic appointment of counsel," and appointment of counsel is warranted only in exceptional circumstances. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994).

Although 28 U.S.C. § 1915(e)(1) provides that a court may request an attorney to represent any person claiming an *in forma pauperis* status, the courts do not have the power to force an attorney to represent a person in a civil lawsuit like this one. *Mallard v. U. S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-02 (1989). In deciding whether to appoint counsel in a civil rights case, the Court may base its decision on several factors, including:

1. the type and complexity of the case;

2. the petitioner's ability adequately to present and investigate his case;

3. the presence of evidence which largely consists of conflicting testimony that requires skill in presentation of evidence and in cross-examination; and

4. the likelihood that appointment of counsel will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (citing *Murphy v. Kellar*, 950 F.2d 290, 293, n.14 (5th Cir. 1992) (quoting *Cooper v. Sheriff, Lubbock Cty., Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991))). Trial courts retain broad discretion in determining whether exceptional circumstances exist. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

The circumstances here are not exceptional. Through his Second Motion for Appointment of Counsel, Joyce argues that the appointed counsel will aid him in satisfying Rule 23(a)(4)'s requirement for fair and adequate representation of the class. *See* Dkt. No. 22-1 at 18-19. But for reasons explained above, any motion premised on Joyce's maintenance of a class action is not only premature at this juncture, but is also not exceptional.

7

Otherwise, Joyce has shown himself quite capable of investigating and presenting his case to the Court. If anything, Joyce's filings thus far confirm that there are no exceptional circumstances that would warrant the Court's appointment of counsel at this time. Rather, Joyce has demonstrated a complete command of the operative facts underlying his claims for relief. Indeed, the only facts or circumstances that might render Joyce's case complex under the above *Parker* factors are those that would be attendant to the class certification Joyce passionately seeks. Otherwise, Joyce's issues are understandable, and his command of the English language is above average. Joyce appears fully capable of adequately representing himself at least through the preliminary screening of his claims, if not beyond.

For these reasons, the Court should deny Joyce's Second Motion for Appointment of Counsel in Dkt. No. 22 without prejudice to his requesting appointment of counsel later.

## III.  RECOMMENDATION

For the foregoing reasons and under 28 U.S.C. § 636(b)(1)(B), the undersigned RECOMMENDS that the Court deny Joyce's Motion for Reconsideration as construed in Dkt. No. 22. The undersigned further RECOMMENDS that the Court deny Joyce's Third Motion for Class Certification, also as construed in Dkt. No. 22, and deny his Motion for Appointment of Counsel, both without prejudice to Joyce's refiling such motions once the Court completes its judicial screening.

## IV.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings,

8

conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 22nd day of December, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE