IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ROBERT DAMIAN JOYCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-CV-00145-H-BU |
| | § | |
| STATE OF TEXAS, *et al.*, | § | (Consolidated with Civil Action No. |
| | § | 1:20-CV-00148-H-BU) |
| | § | |
| Defendants. | § | |

# **ORDER**

Plaintiff, ROBERT DAMIAN JOYCE, proceeding pro se, filed two lawsuits in July 2020 alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 (ADA). *See* Dkt. Nos. 1 in this action and Civil Action No. 1:20-cv-00148-H-BU. Joyce is a physically disabled parolee of the Texas Department of Criminal Justice (TDCJ) who claims the State of Texas (State), TDCJ officials, the City of Abilene (City), and the operators of his former halfway house, 180 House, Inc. (180 House), discriminated against him based on his disability. *Id*. Both of Joyce's cases were referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and Special Order No. 3-251. Dkt. No. 2. The undersigned consolidated the two cases into this action, Civil Action No. 1:20-CV-145-H-BU. Dkt. No. 9.

Following consolidation, the Court granted Joyce leave to proceed *in forma pauperis*, which subjects his claims to preliminary judicial scrutiny under 28 U.S.C. § 1915(e). Dkt. No. 17.

1

Now before the Court are two Motions filed by Joyce—designated by Joyce as separate Motions in each of the two consolidated cases—seeking leave of Court to amend his claims in both cases. Dkt. Nos. 33, 34. Based on the Motions, the Court finds it necessary to enter the following Order.

1.    Procedural background

Joyce filed Civil Action 1:20-CV-00145-H-BU—the first of two—on July 6, 2020, bringing claims under Title II of the ADA against the State and the City. Dkt. No. 1. The crux of this action is Joyce's claim that the State moved its Abilene Parole Division office (APDO) from a location that was easily accessible to Joyce to one that he claims is not, and that the City's paratransit program failed to accommodate him in accessing the relocated APDO. *Id*.

Three days after filing Civil Action No. 1:20-CV-00145-H-BU, Joyce filed a second action bringing claims under Title III of the ADA against Joyce's half-way house, 180 House, Inc. for failure to accommodate his disabilities and for retaliation. *See* Dkt. No. 1, Civil Action No. 1:20-CV-00148-H-BU. Finding the two cases involved common questions of law or fact, the undersigned ordered the cases consolidated and directed that "[a]ll future pleadings, motions, and other papers in this case shall be filed under No. 1:20-CV-0145-H-BU." Dkt. No. 8.

Through the Complaints in both actions, and through three separate Motions to certify a class, Joyce purported to bring claims on behalf of himself and several classes of plaintiffs, all as more fully explained in the undersigned's two FCRs recommending denial of Joyce's motions seeking class certification. *See* Dkt. Nos. 19, 23. Those FCRs were

accepted by the United States district judge and Joyce's Motions to certify class actions have each been denied. *See* Dkt. Nos. 21, 25. In doing so, the Court also explained that Joyce's seeking class certification during the preliminary screening of his claims—as is still the case here—was premature. *See* Dkt. No. 23 at 5–6; Dkt. No. 25 at 4–5.

Six months after the Court's consolidation of Joyce's lawsuits, and between the filing of his first two Motions to certify a class and his third such Motion, Joyce filed his First Amended Complaint in which he appears to both combine in one First Amended Complaint the claims in both actions and expand upon them. *See* Dkt. No. 20. In the First Amended Complaint, Joyce also persists in characterizing his claims as being brought on behalf of several classes of plaintiffs. *Id.* Also through his First Amended Complaint, Joyce adds a Fourteenth Amendment Equal Protection Clause claim to his ADA claims, as well as adding several state officials in their official capacities. *Id.*

After considering Joyce's First Amended Complaint, his Questionnaire responses, and the applicable law, the undersigned entered Findings, Conclusions, and Recommendation (FCR) on January 25, 2023, recommending that all Joyce's claims be dismissed, for reasons explained in that FCR. *See* Dkt. No. 30. Joyce filed his objections to the FCR on February 8, 2023. Dkt. No. 32. And since filing his objections, Joyce has filed the two Motions now before the Court (Dkt. Nos. 33 and 34), which seek to materially change the claims currently pending and which are the subject of the FCR.

The Court observes that while Joyce complains about the time the Court has taken to screen his claims (*see* Dkt. No. 34-1 at 11), he does so while simultaneously filing a Motion for leave to amend one of his Complaints as a class action (*see* Dkt. Nos 33-1, 33-

2), a request which this Court has now repeatedly instructed Joyce was both premature and likely insupportable. *See* Dkt. Nos. 19, 21, 23, 25.[1]

2.   Joyce's current Motions to Amend

Joyce has now filed (1) Complaints in two separate actions, (2) a 55-page First Amended Complaint applicable to both actions, (3) an 80-page response to the Court's Questionnaire, and (4) two separate Motions to Amend with briefs and proposed Second Amended Complaints with a combined total of 87 pages. One of the proposed Second Amended Complaints, Dkt. No. 33-1, states no new material facts, but seeks to drop all defendants in favor of adding the Governor of Texas as the sole defendant under a new legal theory. *See* Dkt. No. 33. The other proposed Second Amended Complaint may state new facts, but none that were not known to Joyce when he filed these actions almost three years ago. *See* Dkt. No. 34-1. Moreover, this latter proposed Second Amended Complaint seeks a seismic shift in legal theory from the ADA to the Trafficking Victims Protection Reauthorization Act (TVPRA).

While Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires," granting leave to amend is discretionary with the trial court and "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)). In deciding whether to grant leave to amend, the court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

---

[1] Notably, Joyce's third Motion for class certification, Dkt. No. 22, was not a single Motion, but a collection of at least six motions accompanied by 97 pages of briefing and 42 exhibits totaling over 500 pages. *See* Dkt. Nos. 22, 22-1–22-45.

to cure deficiencies by amendments previously allowed, and futility of amendment. *Id.* (citing cases).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009)). But "[g]ranting leave to amend . . . is not required if the plaintiff has already pleaded [his] 'best case.'" *Id.* "A plaintiff has pleaded [his] best case after [he] is 'apprised of the insufficiency' of [his] complaint." *Id.*

Prior to Joyce's filing the two current Motions, he was apprised of the insufficiency of his First Amended Complaint through the undersigned's FCR. Dkt. No. 30. In addition to 87 pages comprising the two current Motions and their attachments, Joyce filed a 40-page objection to the FCR. Dkt. No. 32. Thus, the Court finds that, with the two proposed Second Amended Complaints, Joyce will have pleaded his best case. Thus, the Court ORDERS as follows:

    A.    The FCR entered on January 25, 2023, Dkt. No. 30, is WITHDRAWN and will be replaced at a later date, if necessary, for reasons explained below. The Clerk of Court is DIRECTED to terminate the FCR.

    B.    The Order of Consolidation, Dkt. No. 9 (Dkt. No. 8 in Civil Action No. 1:20-CV-00148-H-BU) is VACATED. The Clerk of Court is DIRECTED to re-open Civil Action No. 1:20-CV-00148-H-BU, and the two actions will proceed as separate actions.

    C.    The Clerk of Court is DIRECTED to copy the docket of this action to Civil Action No. 1:20-CV-00148-H-BU.

D.     The Motion docketed in this action as Dkt. No. 33 (Plaintiff's Motion for Permission From Court For Second Amendment to Civil Action No. 1:20-CV-00145-H-BU) is GRANTED in part and DENIED in part. The Motion is DENIED to the extent it seeks once again to bring claims on behalf of a class in contravention of the Court's previous orders denying class certification and its instructions that "allowing Joyce to proceed [with] class certification before the screening is completed would not serve judicial economy and the preservation of litigation resources." Dkt. No. 25 at 4–5. The Motion is GRANTED as to Joyce's individual claims only.[2] The Clerk is directed to re-docket Dkt. No. 33-1 as Joyce's Second Amended Complaint in Civil Action No. 1:20-CV-00145-H-BU.

E.     The Motion docketed in this action at Dkt. No. 34 (Plaintiff's Motion for Permission From Court For Second Amendment to Civil Action No. 1:20-CV-00148-H-BU) which was entered on February 20, 2023, at 8:02 a.m. CST, and which will bear Dkt. No. 25 in Civil Action No. 1:20-CV-00148-H-BU, is GRANTED. The Clerk is directed to re-docket Dkt. No. 34-1 as Joyce's Second Amended Complaint in Civil Action No. 1:20-CV-00148-H-BU.

F.     Joyce's Motion for Extension of Time to Object to Magistrate's Findings, Conclusions, and Recommendation (Dkt. No. 31) is TERMINATED as moot by the withdrawal of the FCR.

G.     **No further motions for leave to amend will be considered.**

---

[2] The undersigned advises Joyce that the repeated frivolous filings will further slow the review process and delay the Court in reaching a decision on the merits.

3.    <u>Stay and Administrative Closure of Civil Action No. 1:20-CV-00145-H-BU</u>

Given the Court's need to re-screen Joyce's claims in his Second Amended Complaint, the Court finds that a stay of proceedings for a limited duration is appropriate. "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation . . ." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). This power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

The power to grant a stay is particularly broad where there is not a "fair possibility" that the stay "will work damage to someone else." *See SuperMedia Inc. v. Bell*, No. 3:12–CV–2034–G, 2012 WL 5389683, at *1 (N.D. Tex. Nov. 2, 2012) (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir.1983)); *see also Ramu*, 903 F.2d at 318 (noting that a district court ordinarily has "wide discretion" to grant "[t]he stay of a pending matter"). Notwithstanding a district court's wide discretion in this area, a stay must not be "'immoderate or of an indefinite duration.'" *Ramu*, 903 F.2d at 318 (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

Here, there is not a fair possibility that a stay will harm someone else and having the Court screen Joyce's new claims is in Joyce's best interest. Additionally, the undersigned is confident that the Court can prevent a stay of an immoderate or indefinite length.

For these reasons, the Court ORDERS that the above-styled and numbered cause is STAYED and ADMINISTRATIVELY CLOSED for sixty (60) days or the reopening of

the cause on the Court's initiative at an earlier date upon the completion of the screening of Joyce's new claims.

4. <u>Conclusion</u>

For reasons stated in this Order:

A. The FCR entered on January 25, 2023, Dkt. No. 30, is WITHDRAWN;

B. The Order of Consolidation, Dkt. No. 9 (Dkt. No. 8 in Civil Action No. 1:20-CV-00148-H-BU) is VACATED;

C. The Clerk of Court is DIRECTED to copy the docket of this action to Civil Action No. 1:20-CV-00148-H-BU;

D. Plaintiff's Motion for Permission From Court For Second Amendment to Civil Action No. 1:20-CV-00145-H-BU (Dkt. No. 33) is GRANTED in part and DENIED in part;

E. Plaintiff's Motion for Permission From Court For Second Amendment to Civil Action No. 1:20-CV-00148-H-BU (Dkt. No. 34) is GRANTED;

F. Joyce's Motion for Extension of Time to Object to Magistrate's Findings, Conclusions, and Recommendation (Dkt. No. 31) is TERMINATED; and,

G. This action is STAYED and ADMINISTRATIVELY CLOSED for sixty (60) days or further order of the Court.

ORDERED this 3rd day of March, 2023.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE